**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **UNUM LIFE INSRANCE** | : | |
| **COMPANY OF AMERICA,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 3:21-CV-71 (CAR)** |
| | : | |
| **MATTIE MORRISON PHILLIPS and** | : | |
| **ASHA V. STANFORD,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

This interpleader action requires the Court to determine which of two claimants is the proper beneficiary of a life insurance policy obtained by the deceased Oliver Phillips ("Decedent")—Mr. Phillips' surviving spouse, Defendant Mattie Morrison-Phillips ("Mrs. Morrison-Phillips"), or his niece, Defendant Asha V. Stanford ("Ms. Stanford"). Defendants also assert cross claims against each other for tortious interference with contractual relations under Georgia law. Before the Court is Mrs. Morrison-Phillips' Motion for Summary Judgment [Doc. 23], which, for the reasons set forth below, the Court **GRANTS in part and DENIES in part**. The Court **GRANTS** Mrs. Morrison-Phillips' request for declaratory judgment and awards her the entire value of the disputed life insurance policy; and the Court **DENIES** summary judgment on her cross claim against Ms. Stanford for tortious interference with contractual relations.

**BACKGROUND**

Decedent was an employee of the Walton County Board of Education ("Board of Education") and a participant in the life insurance portion of the Board of Education's Employment Benefit Plan ("the Plan").[1] Unum Life Insurance Company of America ("Unum") issued Decedent's policy ("the Policy").[2] Upon his retirement from the Board of Education, Decedent elected to continue his life insurance coverage under the Plan.[3]

In June 2004, Decedent designated Mattie Morrison (later Mattie Morrison-Phillips) as the beneficiary entitled to 100% of the life insurance benefits ("Morrison-Phillips Beneficiary Designation").[4]

On January 12, 2019, Decedent executed a Durable Power of Attorney ("POA") which appointed his niece, Ms. Stanford, as his agent/attorney-in-fact. Although the POA provides authority for Ms. Stanford to, among other things, "[c]reate or change a beneficiary designation," it specifically limits her from designating herself as the beneficiary: "An agent that is not my ancestor, spouse, or descendant SHALL NOT use my property to the benefit of the agent or for a person to whom the agent owes an obligation of support unless I have included that authority in the Special Instructions."[5] Decedent did not authorize Ms. Stanford to use her authority to benefit herself in the POA's Special

---

[1] Stanford Answer to Complaint, p. 3, ¶ 8; pp. 9-10, ¶ 7 [Doc. 15].
[2] Policy, Ex. A to Stanford's Depo. [Doc. 23-3, pp. 22-23].
[3] Def. Stanford's Answer, p. 4, ¶ 11.
[4] Complaint, Ex. C [Doc. 1-3].
[5] Stanford POA, pp. 2-3 [Doc. 104].

Instructions.

Ms. Stanford completed two beneficiary change forms pursuant to the POA in which she designated herself as the primary beneficiary entitled to 100% of Decedent's life insurance benefits—the first on March 9, 2020, and then another on September 17, 2020, because she was concerned someone may have changed the March 9th beneficiary designation ("Stanford Beneficiary Designation").[6]

Five months later, on February 2, 2021, Decedent passed away.[7] Both Ms. Stanford and Mrs. Morrison-Phillips filed claims for the Policy benefits, and Unum filed this interpleader action because it could not determine the proper beneficiary without risking exposure to multiple litigation. Unum deposited the life insurance benefits into the Registry of this Court, named Mrs. Morrison-Phillips and Ms. Stanford Defendants, and asked the Court to determine whether the benefits are payable pursuant to the Morrison-Phillips Beneficiary Designation or the Stanford Beneficiary Designation. Thereafter, Mrs. Morrison-Phillips and Ms. Stanford asserted crossclaims against each other for tortious interference of contract.  Mrs. Morrison-Phillips now seeks summary judgment on all claims.

## JURISDICTION

The Court has subject matter jurisdiction over this interpleader action under 28

---

[6] Compl., Ex. F [Doc. 1-6].
[7] Death Certificate, Compl., Ex. G [Doc. 1-7].

U.S.C. § 1335(a), as the amount in dispute is in excess of $500, and the two claimants to the funds are of diverse citizenship.[8] Unum Life Insurance Company of America has deposited $104,060.28, the value of the Policy in dispute with accrued interest, in the registry of the Court. As the Court's jurisdiction is based on diversity of citizenship, the substantive law of the State of Georgia governs matters related to the construction of the Policy and the validity of the power of attorney.

## LEGAL STANDARD

Summary judgment is proper if the movant "shows that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law."[9]  Not all factual disputes render summary judgment inappropriate; only a genuine issue of material fact will defeat a properly supported motion for summary judgment.[10]  This means that summary judgment may be granted if there is insufficient evidence for a reasonable jury to return a verdict for the nonmoving party or, in other words, if reasonable minds could not differ as to the verdict.[11]

On summary judgment, the Court must view the evidence and all justifiable inferences in the light most favorable to the nonmoving party; the Court may not make

---

[8] Defendant Mattie Morrison Phillips is a citizen of the State of Georgia and Defendant Asha V. Stanford is a citizen of the Commonwealth of Virginia [Doc. 1, pp. 1-2].

[9] Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

[10] *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986).

[11] *See id.* at 249-52.

4

credibility determinations or weigh the evidence.[12]   The moving party "always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitle it to a judgment as a matter of law.[13]   If the moving party discharges this burden, the burden then shifts to the nonmoving party to respond by setting forth specific evidence in the record and articulating the precise manner in which that evidence creates a genuine issue of material fact or that the moving party is not entitled to a judgment as a matter of law.[14] This evidence must consist of more than mere conclusory allegations or legal conclusions.[15]

"A fact is material for the purposes of summary judgment only if it might affect the outcome of the suit under the governing law."[16] Furthermore, "[a]n issue [of material fact] is not 'genuine' if it is unsupported by the evidence or is created by evidence that is 'merely colorable' or 'not significantly probative.'"[17] "A mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment; there

---

[12] *See id.* at 254-55; *Welch v. Celotex Corp.,* 951 F.2d 1235, 1237 (11th Cir. 1992).

[13] *Celotex,* 477 U.S. at 323 (internal quotation marks omitted).

[14] *See* Fed. R. Civ. P. 56(e); *see also Celotex,* 477 U.S. at 324-26.

[15] *Avirgnan v. Hull,* 932 F.2d 1572, 1577 (11th Cir. 1991).

[16] *Kerr v. McDonald's Corp.,* 427 F.3d 947, 957 (11th Cir. 2005) (internal quotations omitted).

[17] *Flamingo S. Beach I Condo. Ass'n, Inc. v. Selective Ens. Co. of Southeast,* 492 F. App'x 16, 26 (11th Cir. 2012) (quoting *Anderson,* 477 U.S. at 249-50).

must be evidence from which a jury could reasonably find for the non-moving party."[18]

Accordingly, if the moving party shows "that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party" then "it is entitled to summary judgment unless the nonmoving party, in response, comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact."[19]

## DISCUSSION

### Policy Proceeds

Mrs. Morrison-Phillips argues the 2020 Stanford Beneficiary Designation is invalid because the POA expressly precludes Ms. Stanford from designating herself as the beneficiary. The Court agrees.

Georgia law authorizes an agent acting under power of attorney to "create or change a beneficiary designation" only if the power of attorney "expressly grants the agent the authority and exercise of the authority is not otherwise prohibited by another agreement or instrument to which the authority or property is subject."[20] Here, the text of the POA authorized Ms. Stanford to "[c]reate or change a beneficiary designation" but expressly prohibited her from using her powers to benefit herself: "An agent that is not my

---

[18] *Id.* (citing *Anderson,* 477 U.S. at 252).

[19] *Rich v. Sec'y, Fla. Dept. of Corr.*, 716 F.3d 525, 530 (11th Cir. 2013) (citation omitted).

[20] O.C.G.A. § 10-6B-40(a)(1)(D).

ancestor, spouse, or descendant SHALL NOT use [the Decedent's] property to benefit the agent or a person to whom the agent owes an obligation of support unless [the Decedent] ha[s] included that authority in the Special Instructions."[21] The parties agree Ms. Stanford is not Decedent's ancestor, spouse, or descendant, and the only authority the Decedent included in the Special Instructions was that as his agent, Ms. Stanford "is entitled to reasonable compensation."[22] The Special Instructions do not authorize Ms. Stanford to use her authority to benefit herself.

Under Georgia law, "[t]he construction of a contract is question of law for the court."[23] But construction is "not required or even permissible when the language . . . [if the] contract is plain, unambiguous, and capable of only one reasonable interpretation."[24] Here, the language of the POA is plain, unambiguous, and capable of only one reasonable interpretation: Defendant Stanford did not have the power to designate herself as a beneficiary of Decedent's life insurance policy because the plain language of the POA prevents her from doing so. Accordingly, under Georgia law, the Stanford Beneficiary Designation is invalid.[25]

---

[21] POA, p. 3 [Doc. 1-4].

[22] *Id.*

[23] O.C.G.A. § 13-2-1.

[24] *Franchise Enters., Inc. v. Ridgeway*, 157 Ga. App. 458, 460 (1981) (citation omitted).

[25] Because the Stanford Beneficiary Designation is invalid, the Court **DENIES** Ms. Stanford's request to add her mother, Nora Stanford, who is the contingent beneficiary under the Stanford Beneficiary Designation, as a necessary party. Moreover, Nora Stanford has no interest to protect because Defendant Stanford survived the Decedent and would have been the only beneficiary under the Policy if the Stanford Beneficiary Designation was valid.

Ms. Stanford's attempts to avoid summary judgment are unavailing. First, Ms. Stanford argues genuine issues of material fact exist as to the validity of the 2004 Morrison-Phillips Beneficiary Designation and the claim form Mrs. Morrison-Phillips submitted to Unum for the life insurance benefits in 2020. Ms. Stanford claims the handwriting of "Mattie Morrison" in the "Name of Beneficiary" field on the Morrison-Phillips Beneficiary Designation is different from Decedent's handwriting elsewhere on the form, and the form is marked as received by Unum twice. Ms. Stanford also questions whether Mrs. Morrison-Phillips complied with Unum Life Insurance Company's requirements for filing a claim for the benefit amount because the record contains no evidence Mrs. Morrison-Phillips legally claimed the life insurance benefits per the terms of the Policy.

But Ms. Stanford's arguments have no support in the record and are based solely on her conjecture and speculation. "Although all reasonable inferences must be drawn in favor of the non-moving party when evaluating a motion for summary judgment, 'inferences based upon speculation are not reasonable.'"[26] Speculation does not create a genuine issue of fact, and there must be more than a "mere scintilla of evidence" to survive summary judgment.[27] Because Ms. Stanford's arguments rest upon mere allegations and speculation, the Court finds there are no genuine issues of material fact.

---

[26] *Ashley v. Bennett*, 2022 WL 15174840 at *1 (11th Cir. Oct. 27, 2022) (quoting *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1301 (11th Cir. 2012)).

[27] *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).

Next, Ms. Stanford argues genuine issues of material fact exist as to whether Decedent ratified the Stanford Beneficiary Designation apart from the POA. For the first time in a sworn affidavit attached to her response to the Motion for Summary Judgment, Ms. Stanford averred that on March 17, 2020, she and her uncle had a video conference during which she informed him she had changed the beneficiary designations as he requested, showed him the Request for Change form, and he acknowledged that the changes were made to his satisfaction. [28] Also attached to the response to the Motion for Summary is an affidavit from Barbara Norman, Decedent's friend, who averred that in September 2020, Decedent confirmed that he approved Ms. Stanford's beneficiary change.[29] Thus, Ms. Stanford contends a genuine issue of material facts exists as to whether Decedent designated her as his agent to make beneficiary changes with or without a power of attorney, instructed her to make herself the primary beneficiary, and then ratified the beneficiary change after being fully informed that the change he requested was, in fact, made.

But ratification is an affirmative defense that Ms. Stanford should have raised in her pleadings.[30] Instead, Ms. Stanford raised this affirmative defense for the first time in her response to Mrs. Morrison-Phillips' Motion for Summary Judgment. "When an affirmative

---

[28] Response to Motion for Summary Judgment, Ex. A [Doc. 25-2].
[29] Response to Motion for Summary Judgment, Ex. B [Doc. 25-3].
[30] *See* Fed. R. Civ. P. 8(c)(1); *Hendrix v. First Bank of Savannah*, 195 Ga. App. 510, 511 (1990) ("Ratification, the confirmation by one of an act performed by another without authority, is an affirmative defense, and the burden of proving it is on the party asserting it.")

defense initially was raised pursuant to a summary judgment motion, [the Eleventh Circuit Court of Appeals] determined that the defendant's 'failure to specifically plead the defense in its answer or amended answer results in the waiver of this defense.'"[31] By failing to assert her ratification argument before summary judgment, Ms. Stanford has waived this affirmative defense. Thus, no genuine issue of material fact exists, and Mrs. Morrison-Phillips is entitled to summary judgment.

**Tortious Interference with Contractual Relations**

Mrs. Morrison-Phillips also seeks summary judgment on her claim against Ms. Stanford for tortious interference with contractual relations. "Parties to a contract have a property right therein with which a third party cannot interfere without legal justification or privilege, and a party injured by another's wrongful interference may seek compensation in tort."[32] To prevail on a claim for tortious interference with contract, a plaintiff must show "(1) improper action or wrongful conduct by the defendant without privilege; (2) the defendant acted purposely and with malice with the intent to injure; (3) the defendant induced a breach of contractual obligations or caused a party or third parties to discontinue or fail to enter into an anticipated business relationship with the plaintiff; and (4) the defendant's tortious conduct proximately caused damage to the plaintiff."[33]

---

[31] *Keybank N.A. v. Hamrick*, 576 F. App'x 884, 888-89 (11th Cir. 2014) (quoting *Easterwood v. CSX Transp., Inc.*, 933 F.2d 1548, 1551 (11th Cir. 1991)).
[32] *Atlanta Market Ctr. Mgmt. Co. v. McLane*, 269 Ga. 604, 608 (1998).
[33] *Dalton Diversified v. AmSouth Bank*, 270 Ga. App. 203, 208-09 (2004).

10

Genuine issues of material fact exist as to whether Ms. Stanford "acted purposefully and with malice with the intent to injure" Mrs. Morrison-Phillips and thus precludes summary judgment. Although Mrs. Morrison-Phillips contends Ms. Stanford acted with malice and intent to injure in direct contradiction of her authority under the POA, Ms. Stanford testified that she acted according to her uncle's wishes and changed the beneficiary designation at his direction. Moreover, Barbara Norman, Decedent's friend, averred that Decedent informed her he had approved the beneficiary change to Ms. Stanford.[34] Because a genuine issue of material fact exists as to whether Ms. Stanford acted with malice and intent to injure, Mrs. Morrison-Phillips' request for summary judgment on her cross claim for tortious interference with contractual relations is denied.

## CONCLUSION

For the foregoing reasons, Mrs. Morrison-Phillips' Motion for Summary Judgment [Doc. 23] is **GRANTED in part and DENIED in part**. The Court **GRANTS** Mrs. Morrison-Phillips' request for declaratory judgment and awards her the entire value of the disputed Policy; the Court **DENIES** summary judgment on her cross claim against Ms. Stanford for tortious interference with contractual relations.

**SO ORDERED**, this 29th day of March, 2023.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[34] Norman Affidavit [Doc. 25-3].

11